UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID MCINTOSH,

    Plaintiff,

vs.

CASE NO:

CLIF BETTS HEATING &
COOLING, INC., a Florida Corporation,
and CLIF BETTS, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID MCINTOSH ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants, CLIF BETTS HEATING & COOLING, INC. ("CBHC"), a Florida Corporation, and CLIF BETTS ("BETTS"), an Individual, (collectively, "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claim for breach of contract pursuant to 28 U.S.C. § 1367(a) because this claim form a part of the same case or

1

controversy and arises out of a common nucleus of operative facts as his overtime claims.

## PARTIES

4. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

5. At all times material to this action, Defendant CBHC was, and continues to be, a Florida corporation. Further, at all times material to this action, CBHC was, and continues to be, engaged in business in Florida, with a principal place of business in Lee County, Florida.

6. At all times material to this action, Defendant BETTS was an individual resident of the State of Florida, who owned and operated Defendant CBHC, and who regularly exercised the authority to (a) hire and fire employees of Defendant CBHC; (b) discipline the employees of Defendant CBHC; and (c) control the finances and operations of Defendant CBHC. Defendant BETTS further had involvement in determining employee schedules.

7. Defendant BETTS was responsible for the day to day operations of Defendant CBHC.

8. As a result of his authority to hire and fire, discipline and control the finances and operations, and his involvement in determining employees' schedules, owner/operator BETTS is an individual employer under the FLSA.

9. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

10. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

12. Defendants were, and continue to be, "employers" within the meaning of the

2

FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including heavy machinery such as roofing equipment, and painting equipment, that had moved in interstate commerce across state lines.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

16. On or about September 22, 2015, Defendants hired Plaintiff to work as a non-exempt, hourly paid "air conditioning installer."

17. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

18. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

19. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

20. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

21. Defendants have violated Title 29 U.S.C.§207 from at least September 2015 and continuing through September 2016, in that:

3

a. Plaintiff worked in excess of forty (40) hours in one or more work weeks during his period of employment with Defendants in the three (3) years preceding the date the Complaint was filed;

b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the applicable overtime wage for each hour over forty worked in a workweek as provided by the FLSA; and

c. Defendants have failed to maintain proper time records as mandated by the FLSA.

22. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew or acted with reckless disregard as to whether their conduct violated the FLSA.

23. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

24. Defendants promised to pay Plaintiff $25.00 per hour in exchange for his work for Defendants.

25. Plaintiff performed work for Defendants in reliance upon this representation.

26. Defendants failed to compensate Plaintiff at all for certain of his non-overtime hours.

27. Plaintiff has been damaged by Defendants' breach of this oral agreement in the amount of $25.00 per hour for each non-overtime hour unpaid.

28. Plaintiff estimates that Defendants failed to pay him for approximately fifty (50) hours of non-overtime work.

29. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent

Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff re-alleges paragraphs 1 through 23 and 29 of the Complaint, as if fully set forth herein.

31. From at least September 2015 through September, 2016, Plaintiff worked in excess of forty (40) hours in one or more workweeks, for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

33. At certain times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

34. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

35. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## BREACH OF CONTRACT

43. Plaintiff re-alleges paragraphs 1 through 5, 16 and 24 through 29 of the Complaint, as if fully set forth herein.

44. Plaintiff and Defendant had a valid oral contract that Defendant would pay Plaintiff a rate of $25.00 per hour for his work.

45. Defendant breached the contract to pay Plaintiff for his hours worked.

46. Plaintiff suffered economic damages as a result of Defendants' breach.

47. The unpaid amounts constitute wages under Florida law.

48. In this Count, Plaintiff makes claim only for non-overtime hours, as unpaid overtime hours are covered under Count I of the Complaint.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual damages, as well as interest, costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 11th day of January, 2017.

Respectfully submitted,

_____
ANGEL MURTHY, ESQUIRE
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: 954-318-0268
Facsimile: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*